**WETMILLER DAIRY & FARM PRODUCTS CO., Inc., v. WICKARD, Secretary of Agriculture.**

No. 269.

Circuit Court of Appeals, Second Circuit.

May 4, 1945.

Merritt A. Switzer, of Pulaski, N. Y. (Henry S. Manley, of Albany, N. Y., of counsel), for appellant.

W. Carroll Hunter, Sp. Asst. to Atty. Gen., Katherine A. Markwell, Atty., Department of Agriculture, of Washington, D. C., Wendell Berge, Asst. Atty. Gen., J. Stephen Doyle, Jr., Sp. Asst. to Atty. Gen., and George L. Grobe, U. S. Atty., of Buffalo, N. Y., for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

The plaintiff is a handler of milk with its principal place of business in Cohocton, New York, and is subject to the provisions of Milk Order No. 27 (7 C.F.R. 1938 Supp. Part 927) regulating milk handling in the New York City milk marketing area. During the period from July 1, 1939 to March 31, 1940, the plaintiff made cream from some of the milk received at its Cohocton plant and sold the cream to Heicklen Farms, Inc., a milk broker. At the buyer's request the cream was shipped by rail to Hoboken, N. J., where it was taken by a trucking company to New York City and placed in refrigerating rooms of the Fairmont Creamery Company; thereafter it was delivered in the original containers to Fanny Farmer Candy Shops, Inc., in Brooklyn for use in making milk chocolate. Plaintiff reported its sales to the market administrator, claiming IIIA classification for its milk, and made payment based upon that classification. About June, 1940, the market administrator reclassified the milk as IIA and required payment of $5,624.55 additional. This sum was paid by the plaintiff under protest, and the present proceeding was brought to set aside the administrative reclassification.

The Fairmont Creamery Company occupies a portion of the first and second floors of a six-story building. In that part of the building which it leases, it has four refrigerating rooms where it stores butter, eggs, poultry, cheese, frozen fruit and sour cream, as well as the sweet cream sold by the plaintiff and involved in the case at bar. It also has in the same building a sales office, a general office, a store room, and some other miscellaneous facilities. We think it clear that the Creamery Company was a "second plant", as those words were construed in Queensboro Farms Products, Inc. v. Wickard, 2 Cir., 137 F.2d 969 and Waddington Milk Co. v. Wickard, 2 Cir., 140 F.2d 97; consequently the Secretary's classification of the appellant's milk was correct. The contention that the market administrator's long acquiescence in the IIIA classification reported by the appellant precludes its correction by the Secretary of Agriculture is also answered by the Queensboro case, 137 F.2d 969 at page 982. On the authority of the cases cited the judgment is affirmed.